IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **TONYA GUTHRIE,** | )<br>)<br>) |
| *Plaintiff*, | )<br>) |
| -vs- | )<br>)  Case No. _____ |
| **GRAHAM STOWE, in his individual capacity as County Executive for Giles County, and GILES COUNTY, TENNESSEE,** | )<br>)  **JURY DEMAND**<br>)<br>)<br>) |
| *Defendants*. | )<br>) |

# C O M P L A I N T

"It is axiomatic that the government may not regulate speech based on its substantive content or the message it conveys."

-- *Rosenberger v. Rector and Visitors of University of Virginia*, 515 U.S. 819, 828 (1995).

COMES NOW THE PLAINTIFF, TONYA GUTHRIE, and sues the Defendants, GRAHAM STOWE and GILES COUNTY, TENNESSEE, and would state as follows:

## I.
## Introduction

1. Tonya Guthrie brings this action against Graham Stowe, the County Executive for Giles County, Tennessee, and Giles County pursuant to 42 U.S.C. § 1983, for abridging and restricting her of right of free speech and free exercise of religion on the public square in Pulaski, Tennessee, on the basis of the content and viewpoint of her speech.

2. Specifically, on January 25, 2023, the Defendants granted to the Plaintiff a reservation for access to the courthouse lawn and gazebo on the grounds of the Giles County Courthouse located at 1 Public Square, Pulaski, Tennessee on June 3, 2023. The Plaintiff was granted this access to this public forum for the sole purpose of engaging in peaceful assembly, prayer and religious speech. Three months later, on April 21, 2023, without any notice, the Defendants

*Complaint - 1*

summarily revoked the Plaintiff's reservation to this public forum based on the religious content and viewpoints she intended to express based purely on speculation that such activity would be too dangerous. The Defendants cited as a pretext for revoking Mrs. Guthrie's reservation that it might pose an affront to a gay pride and drag queen event hosted by a group called the "Giles County Inclusivity Coalition" which had been granted a parade permit by a separate government entity, the City of Pulaski for the same day to city-owned areas adjacent to the Giles County Courthouse.

3. The Defendants also revoked its earlier grant to Mrs. Guthrie of access to the gazebo on the courthouse lawn. It stated as the basis for this decision that the county needed this structure to station law enforcement during the Gay Pride event on June 3, 2023.

4. Despite the Defendants' revocation of Mrs. Guthrie's permit on April 21, 2023, based on alleged safety concerns, just two days before the event on June 3, 2023, the Defendants granted to the Giles County Inclusivity Coalition exclusive access to much of the same courthouse grounds previously reserved for the Plaintiff for the Coalition to use for its stage and main assembly area.

5. At the same time, the Defendants curtailed the Plaintiff's speech activity, confining it to a small area on the opposite side of the courthouse, facing away from public spectators attending the Pride Event where her speech was obscured from her audience and effectively silenced. The Defendants deliberately deprived the Plaintiff of any meaningful access to her intended audience.

6. By granting preferential treatment to the Coalition, while restricting the Plaintiff's access to this same public forum to present a Christian message regarding biblical views of marriage and family values, the Defendants have engaged in content and viewpoint-based discrimination in violation of the Free Speech Clause of the First Amendment.

7. The Plaintiff seeks compensatory damages, declaratory relief and statutory attorney's fees, as well as punitive damages against the individual defendant, Graham Stowe.

## II.
## Jurisdiction and Venue

8. This case arises under the Constitution of the United States. The Court has jurisdiction pursuant to 28 U.S.C. § 1331, as the case presents substantial federal questions concerning a deprivation of constitutional rights, see 42 U.S.C. § 1983, and under 28 U.S.C. § 1343, as Tonya Guthrie challenges a deprivation of constitutional rights committed under color of state law.

9. Venue is proper in this federal district because all of the relevant facts surrounding the Defendants' constitutional violations occurred in Giles County, Tennessee.

## III.
## Parties

10. Tonya Guthrie is an adult citizen and resident of the State of Tennessee. She resides in Giles County, Tennessee with her husband Jason Guthrie, pastor of the Grace Community Church.

11. Graham Stowe is an adult citizen and resident of the State of Tennessee. At all times relevant to this action, Mr. Stowe was the County Executive for Giles County, Tennessee. He is sued in his individual capacity. Mr. Stowe may be served with process at 222 W. Madison Street, Pulaski, Tennessee 38478.

12. Giles County, Tennessee is a local body politic and exists under, and by virtue of, the laws of the State of Tennessee. This defendant may likewise be served through its County Executive, Graham Stowe at 222 W. Madison Street, Pulaski, Tennessee 38478.

## IV.
## Statement of Facts

13. On January 25, 2023, Tonya Guthrie applied to the County Executive of Giles County, Tennessee and was granted a reservation to access the Giles County courtyard lawn surrounding

the courthouse including the courtyard gazebo located at 1 Public Square, Pulaski, Tennessee.Mrs. Guthrie sought access to 1 Public Square on June 3, 2023, to engage protected free speech activity, consisting of prayer, playing religious music, religious signs and other forms of peaceful, religious expression protected under the First Amendment.

14. The courthouse and the curtilage surrounding it, as depicted in the following photograph, is located in the center of town and is owned and operated by Giles County.



**Giles County Courthouse**

15. Giles County does not have a formal, written policy governing applications to reserve a date for access to the county grounds, but such applications are typically granted on a "first-come, first-serve" basis.

16. On January 25, 2023, the County Executive Graham Stowe granted Mrs. Guthrie's application allowing her to reserve for June 3, 2023, exclusive access to the Giles County Courthouse lawn surrounding the courthouse and gazebo.

17. On December 30, 2022, Caron Perkins, the President of a gay pride group called "Giles County Inclusivity Coalition" (hereinafter "Coalition") applied to the City of Pulaski and was granted a parade permit to conduct an event called "Pulaski Pride 2023" on certain city-owned streets in downtown Pulaski.

18. According to the parade permit application submitted by Mrs. Perkins, the parade route consisted of 2nd Street between Jefferson Avenue and Madison Avenue; Madison Avenue between 1st Street and 2nd Street; and Jefferson Avenue between 1st Street and 2nd Street. The application estimated an assembly of approximately 500 people including vendors and attendees.

19. On or about January 31, 2023, Caron Perkins inquired of County Executive Stowe about reserving access to the Giles County Courthouse grounds on June 3, 2023. Mr. Stowe advised Mrs. Perkins that this area had already been reserved by Mrs. Guthrie.

20. In a letter on March 27, 2023, to the Board of Directors of the Coalition, Mr. Stowe pointed out the jurisdictional distinct nature of the city's parade permit process and the county's separate grounds and property: "[w]hile true that the city has a long established parade permit process, that does not negate county jurisdiction of the courthouse and grounds."

21. Mr. Stowe also stated in his March 27, 2023 letter to the Coalition: "We understand that protesters also have a right to free speech, and we do not wish to silence anyone. I also share your desire that your group be able to enjoy a trouble-free event. I will continue to collaborate with the Sheriff and Mayor Brindley and his team to ensure that everyone may express their Constitutional freedoms without abridgement."

22. Despite his earlier commitment to ensure no abridgement of any citizen or group's right of free speech, on April 21, 2023, Mr. Stowe sent a letter addressed to Mr. and Mrs. Jason

Guthrie in which he unilaterally revoked Tonya Guthrie's reservation and access to the courthouse lawn and property.

23. In his letter to the Guthries, Mr. Stowe cited four considerations:

> (1) Your personal safety, and
>
> (2) Pulaski's parade permit for June 3rd preceded your gazebo request, and
>
> (3) regardless of differing city and county boundaries and jurisdictions, there is durable legal precedent for permitting only one "parade" gathering per day within the same general area, and
>
> (4) our law enforcement and emergency responders will be occupying the gazebo area to ensure event security.

24. On the same day, April 21, 2023, Mr. Stowe wrote the Giles County Commissioners and the Mayor of the City of Pulaski and stated: "I'll try not to write a tome about this – suffice it to say that I withdrew permission for use of the gazebo that conflicted with the June 3rd 'inclusivity' event."

25. At the time Mr. Stowe revoked Mrs. Guthrie's permit there was no evidence that her access to this public forum for purposes of peaceful religious expression, including *inter alia,* peaceful prayer, playing gospel music, and symbolic presentation of traditional Christian family values, would pose a threat of violent confrontation or disruption.

26. Mrs. Guthrie was never provided an opportunity to be heard before the County Commission regarding the revocation of her June 3rd reservation of the County Court House gazebo.

27. In his April 21, 2023 letter to the Guthrie's, Mr. Stowe stated: "The discussion has revolved exclusively around event safety and security, particularly as we have observed very troubling social media traffic regarding this event." Contrary to this cited concern, there was no evidence to suggest that Mrs. Guthrie's personal safety or that of others would be jeopardized by her peaceful exercise of religious speech on the grounds of the courthouse square.

28. The Guthrie's requested from the county any evidence of "troubling social media" to support Mr. Stowe's claims.

29. On April 24, 2023, Mr. Guthrie received an email from Sheriff Kyle Helton stating: "Thanks for reaching out to me with your concerns. I do not know of any specific threats to you, your family, or any other group or individual. I hope you know that if I had specific information about a threat to anyone, I would inform them, and make every effort to ensure their safety."

30. In his April 21, 2023 letter, Defendant Stowe cited as his third consideration for revoking Mrs. Guthrie's eerier reservation that only one parade permit may be granted per day within in the same general area. Mrs. Guthrie did not apply for a parade permit, nor has she ever indicated her intention to conduct a parade or any activities similar to those proposed by the Giles County Inclusivity Coalition in its application for a parade permit for June 3, 2023.

31. Mr. Stowe's final consideration cited in his April 21, 2023 letter as a basis for revoking Mrs. Guthrie's reservation is that "law enforcement and emergency responders will be occupying the gazebo area." However, no credible grounds existed to support Mr. Stowe's allegation that upholding the county's grant of peaceful access by Mrs. Guthrie to this public forum would interfere tactically with the ability of law enforcement or emergency responders to fulfil their lawful duties.

32. In fact, throughout the entire June 3, 2023 event, no law enforcement ever occupied or were stationed at the gazebo on the county courthouse lawn.

33. On May 17, 2023, Mrs. Guthrie's attorney Larry L. Crain of Crain Law Group, PLLC sent a letter to Defendant Graham Stowe alerting him to the constitutional violations inherent in the Defendants' revocation of Mrs. Guthrie's permit for use of the county courthouse grounds

on June 3, 2023. (A true and correct copy of this letter is attached hereto as Exhibit A, and is incorporated herein by reference).

34. Plaintiff's counsel demanded that Mrs. Guthrie's reservation be reinstated, and gave the county a deadline of May 26, 2023, within which to accede to this demand or a civil action would be filed in the United States District Court for the Middle District of Tennessee seeking appropriate injunctive relief and damages.

35. On May 25, 2023, Robyn A. Williams, Esq., counsel for Giles County Tennessee contacted Plaintiff's counsel, Larry L. Crain to discuss the matters raised in his May 17, 2023 letter. The attorneys were able to negotiate a letter of understanding signed on May 26, 2026, the terms of which allowed Mrs. Guthrie's access to a small portion of the courthouse grounds on the east steps and lawn of the Giles County Courthouse on Saturday, June 3, 2023, from 10:00 a.m. to 8:00 p.m.

36. At the time Mrs. Guthrie accepted the Defendants' restriction of her access to carved out portion of this public forum, no other group had been granted access to any other portion of the Giles County Courthouse steps or lawn previously reserved to Mrs. Guthrie in January of 2023.

37. On June 1, 2023, Mrs. Guthrie learned for the first time that Defendant Graham Stowe, acting apparently without the knowledge of the County Commission, had granted to the Coalition exclusive access to a significant portion of the Giles County Courthouse lawn to use as its stage and headquarters for the June 3, 2023 Pulaski Pride Event. This is the very same area to which the Defendants had earlier granted Mrs. Guthrie exclusive access (with the exception of the gazebo which is located on the northeast corner of the courthouse lawn).

38. On or about June 2, 2023, Mrs. Guthrie spoke with County Commissioner Brad Butler who confirmed that the Coalition had been granted access to the Giles County Courthouse grounds. She relayed this information to another County Commissioner Caleb Savage. In the following text message Mr. Savage confirmed that the County Commission had been kept in the dark about Graham Stowe's decision to grant the Coalition space previously reserved by Mrs. Guthrie:



39. The following diagram depicts in blue the areas surrounding the county courthouse to which the City of Pulaski granted the Coalition access under its parade permit:



40. The area where the Plaintiff was permitted access is depicted in red in the previous paragraph. By relegating the Plaintiff to a small area on the opposite side of the courthouse, facing away from spectators attending the Pride Event, the Defendants deliberately deprived the Plaintiff of any meaningful access to her intended audience.

41. On June 3, 2023, few, if any spectators ventured to the east side of the courthouse.

42. At the same time, the Coalition exercised full access to the courthouse steps on the side of the courthouse facing the public spectators and observers of the event (the area shown in blue in the diagram in ¶ 39).

## V.
## Causes of Action

### COUNT I
### 42 U.S.C. § 1983
### First Amendment Free Speech
### Facial Content and Viewpoint Discrimination
### Defendant Graham Stowe

43. Tonya Guthrie incorporates by reference herein the allegations contained in the preceding numbered paragraphs and does further allege as follows.

44. The actions of the Defendant Graham Stowe, by granting and later unilaterally revoking the Plaintiff's reservation for access to 1 Public Square, and ultimately granting preference to another group to use access this area, were committed under color of law and constitute content-based and viewpoint-based discrimination.

45. The actions of the Defendant Graham Stowe were committed with careless or reckless disregard and deliberate indifference to the Plaintiff's clearly established constitutional rights of free speech and assembly as protected by the First Amendment of the United States Constitution.

46. The courtyard lawn and gazebo at 1 Public Square constitute a public forum and are literally "the public square" and are historically and traditionally reserved for free speech

activities.

47. Restricting or treating religious viewpoints differently, or according them less protection as a matter of policy is viewpoint discrimination. See *Good News Club v. Milford Cent. Sch.,* 533 U.S. 98, 110-11 (2001) (holding that "quintessentially religious" views cannot be excluded by claiming to forbid religion as a subject matter); *Rosenberger v. Rector & Visitors of Univ. of Va.,* 515 U.S. 819, 831 (1995)("Religion may be a vast area of inquiry, but it also provides, as it did here, a specific premise, a perspective, a standpoint from which a variety of subjects may be discussed and considered."); accord *Ne. Pa. Freethought Soc'y v. Cty. of Lackawanna Transit Sys.*, 938 F.3d 424, 437 (3d Cir. 2019).

48. The unwritten policy and practice of the Defendant Giles County vests in its County Executive broad power to discriminate against speech on the basis of the content and viewpoints expressed.

49. Nor is avoiding offense to gay, lesbian or transgender individuals an acceptable justification for religious viewpoint discrimination. See *Ne. Pa. Freethought Soc'y, 938 F.3d at 439; ac- cord Matal v. Tam*, 137 S. Ct. 1744, 1763 (2017) (giving offense is a viewpoint).

50. As a proximate result of the Defendant Graham Stowe's actions, the Plaintiff has suffered embarrassment, humiliation, mental anguish and emotional injury for which she is entitled to an award of both compensatory damages.

51. In addition, because the actions of this Defendant were committed deliberately, intentionally and recklessly in gross disregard of the Plaintiff's clearly established constitutional rights, the Plaintiff is entitled to an award of punitive damages.

## COUNT II
### First Amendment Freedom of Speech
### As Applied Content and Viewpoint Based Discrimination

52. Tonya Guthrie incorporates by reference herein the allegations contained in the preceding numbered paragraphs, and does further allege as follows.

53. The Defendants' geographical restriction of Tonya Guthrie's speech, relegating it to a location out of view from the relevant, intended audience discriminates against Tonya Guthrie's message in violation of the Free Speech Clause of the First Amendment, as incorporated by the Fourteenth Amendment.

54. The Defendants' purported efforts to prevent offense to the gay, lesbian and transgender members of the Coalition or attendees at the public Pulaski Pride event do not constitute a sufficiently compelling interest. And the Defendants' burdening of the Plaintiff's religious speech was not narrowly tailored to achieve a permissible interest.

55. As a proximate result of the Defendant Giles County's actions, the Plaintiff has suffered embarrassment, humiliation, mental anguish and emotional injury for which she is entitled to an award of both compensatory damages.

## COUNT III
### 42 U.S.C. § 1983
### First Amendment Violation
### Defendant Giles County

56. Tonya Guthrie incorporates by reference herein the allegations contained in the preceding numbered paragraphs, and does further allege as follows.

57. The actions of the Defendant Giles County, Tennessee, by granting and then later unilaterally revoking the Plaintiff's reservation for access to 1 Public Square, constitute acts of deliberate indifference with regard to the Plaintiff's clearly established constitutional rights of free speech and assembly as protected by the First Amendment of the United States Constitution.

58. The Defendant discriminated against the Plaintiff on the basis of the content and viewpoints expressed by curtailing her speech activity, and confining it to a small area on the opposite side of the courthouse, facing away from public spectators attending the Pride Event where her speech was obscured from her intended audience and effectively silenced.

59. By granting preferential treatment to the Coalition, while restricting the Plaintiff's access to this same public forum to present a Christian message regarding biblical views of marriage and family values, the Defendants have engaged in content and viewpoint-based discrimination in violation of the Free Speech Clause of the First Amendment.

60. The courtyard lawn and gazebo at 1 Public Square constitute a public forum and are literally "the public square" and are historically and traditionally reserved for free speech activities.

61. As a proximate result of the Defendant Giles County's actions, the Plaintiff has suffered embarrassment, humiliation, mental anguish and emotional injury for which she is entitled to an award of both compensatory damages.

## COUNT IV

### 42 U.S.C. § 1983
### Fourteenth Amendment Due Process Clause
### Defendant Giles County, Tennessee

62. Tonya Guthrie incorporates by reference herein the allegations contained in the preceding numbered paragraphs and does further allege as follows.

63. The Defendant Giles County does not have in place a written policy or procedure for granting access by citizens to use or access the courthouse grounds surrounding the courthouse.

64. The absence of any written policy or procedure by the county essentially vests sole discretion of the County Executive the power to arbitrarily grant, deny or revoke a request for access to the courthouse lawn, steps, curtilage and gazebo.

*Complaint - 13*
Case 1:23-cv-00039   Document 1   Filed 06/06/23   Page 13 of 18 PageID #: 13

65. As County Executive Graham Stowe has admitted in the following text on January 25, 2023, to Mrs. Guthrie, the county has no written policy in place governing access to the gazebo on the courthouse lawn:

> Yet another area of county government that needs written policy.
>
> Short answer - yes. I'm working on defining the "gazebo" to include the structure and the immediate surrounding lawn bordered by the public sidewalks.
>
> Graham Stowe
> Giles County Executive
> 931 363 5300

66. In the instant case, the County Executive Graham Stowe exercised unbridled discretion to make arbitrary and capricious decisions regarding the Plaintiff's access to use the public grounds in question.

67. The Defendant's de facto policy governing access to the county courthouse lawn and gazebo is sufficiently vague as to invite discriminatory application of this policy based solely on the content or viewpoints being expressed.

68. The Due Process Clause guarantees Tonya Guthrie a constitutionally valid process when applying for a permit or reservation to use a public forum designated by the Defendants. By subjecting Ms. Guthrie's speech to additional scrutiny to determine whether, based on its religious content, it poses a risk of danger, that guarantee has been denied.

69. In addition to being unconstitutionally vague, the Defendant Giles County's unwritten policy has the impermissible effect of restricting the Plaintiff's constitutionally guaranteed right to freedom of expression on this quintessential public forum, and confining her speech to a location where her speech is obscured from her audience and effectively silenced.

70. The Defendant Giles County has no appeal process in place to provide for notice and a

*Complaint - 14*
Case 1:23-cv-00039   Document 1   Filed 06/06/23   Page 14 of 18 PageID #: 14

hearing by an aggrieved citizen whose application for access to use the county courthouse grounds for peaceful free speech activity.

71. The lack of any policy, practice custom or usage governing access to the County Courthouse lawn and gazebo operated to deprive the Plaintiff of her due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution.

## COUNT V

### 42 U.S.C. § 1983
### Violation of the Equal Protection Clause
### Of the Fourteenth Amendment

72. Tonya Guthrie incorporates by reference herein the allegations contained in the preceding numbered paragraphs and does further allege as follows.

73. The Equal Protection Clause of the Fourteenth Amendment protects each person against intentional, arbitrary government discrimination, whether based on a policy's express terms or improper implementation by government agents.

74. The Supreme Court has recognized successful equal protection claims brought by a "class of one," in which a plaintiff alleges that the government has intentionally and without a rational basis treated her differently from others who are similarly situated.

75. The Defendant has selectively enforced its policies, practices, customs or usages governing access to the courtyard grounds at 1 Public Square, Pulaski, Tennessee, in an arbitrary and discriminatory manner as applied to the Plaintiff in this case. The effect of the Defendant's practice, custom and policy is to erect a double standard which discriminates against the Plaintiff based on the content and viewpoint of her speech activity.

76. The Defendant's actions, as set forth herein, served to deprive the Plaintiff of, and to infringe upon, her protected rights of freedom of expression as guaranteed by the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

77. As a proximate result of the Defendant's actions, the Plaintiff has suffered, and continues to suffer mental anguish, humiliation, embarrassment and emotional injury for which she is entitled to an award of compensatory damages.

## COUNT VI

### Declaratory Relief
### 28 U.S.C. § 2201

78. Tonya Guthrie incorporates by reference herein the allegations contained in the preceding numbered paragraphs and does further allege as follows.

79. The Plaintiff alleges that an actual controversy exists between the parties sufficient to give rise to a need of declaratory judgment under 28 U.S.C.§ 2201, which provides as follows:

> **28 U.S.C. § 2201. Declaratory Judgments**
>
> (a) In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(9) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

80. Specifically, the Plaintiff seeks declaratory judgment to declare the policies, practices, procedures, customs and usages of the Defendants, as they relate to access and use of the county courthouse lawn, gazebo and curtilage, to be in violation of the First and Fourteenth Amendments of the United States Constitution, as applied in the instant case.

## Request for Relief

### *Declaratory Judgment*

1. An actual controversy exists between the parties as to whether the Defendants' policies, practices and customs with regard to their regulation of otherwise constitutionally protected free speech activity and assembly. Plaintiff alleges that the Defendant Giles County's policies, practices, customs and usage regarding control over access to its public grounds for purposes of free speech activity are enforced in an arbitrary manner and therefore violate the due process clause of the Fourteenth Amendment as well as the First Amendment. Plaintiff respectfully requests a declaratory judgment that the actions of Giles County, Tennessee violate the federal constitutional rights of the Plaintiff.

### *Nominal Damages*

2. Plaintiff seeks an order awarding nominal damages for the Defendants' violation of her federal constitutional rights.

### *Compensatory Damages*

3. Plaintiff seeks an order awarding compensatory damages against the Defendant Graham Stowe for violation of her federal constitutional rights in the amount of $2,000,000.00.

4. Plaintiff seeks an order awarding compensatory damages against the Defendant Giles County for violation of her federal constitutional rights in the amount of $2,000,000.00.

### *Punitive Damages*

5. Plaintiff seeks an order awarding punitive damages against the Defendant Graham Stowe for violation of her federal and state constitutional rights in an amount to be determined by the jury.

*Complaint - 17*
Case 1:23-cv-00039   Document 1   Filed 06/06/23   Page 17 of 18 PageID #: 17

### Attorney's Fees and Costs

6. Plaintiff seeks an order awarding the costs of this cause, including attorney's fees, costs and expenses under 42 U.S.C. § 1988.

### Jury Demand

7. Plaintiff demands a jury of six to hear and try this case.

### Other Relief

8. Plaintiff additionally requests such other relief as the Court deems just and proper.

Respectfully submitted,

**CRAIN LAW GROUP, PLLC**

By:

*/s/ Larry L. Crain*
Larry L. Crain, Tenn.Sup. Crt. # 9040
CRAIN LAW GROUP, PLLC
5214 Maryland Way, Suite 402
Brentwood, TN 37027
Tel. (615) 376-2600
Email: Larry@crainlaw.legal

Emily A. Castro
Tn. Supr. Crt. No. 28203
5214 Maryland Way
Suite 402
Brentwood, TN 37027
Tel. 615-376-2600
Fax. 615-345-6009
Email: Emily@crainlaw.legal

*Attorneys for the Plaintiff Tonya Guthrie*